

**ORDERED in the Southern District of Florida on October 23, 2014.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:                                    **PROCEEDINGS UNDER CHAPTER 13**
                                          **Case No.: 14-16332-RAM**

**Miriam Cristina Godoy**
**SSN: xxx-xx-6698**

_____Debtor_____/

### ORDER GRANTING MOTION TO VALUE  AND DETERMINE
### SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY
### WINSTAR FINANCIAL, INC.

THIS CASE came to be heard on October 14, 2014 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 47; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.    The value of the debtor's real property (the "Real Property") located at 1016 Almeria Ave Coral Gables, FL 33134, and more particularly described as **LOT 8, BLOCK 14, OF CORAL GABLES SECTION "A", ACCORDING TO THE PLAT, AS RECORDED IN PLAT BOOK 5, PAGE 102, OF THE**

### PUBLIC RECORDS OF DADE COUNTY, FLORIDA

is $572,000.00 at the time of the filing of this case.

B.      The total of all claims secured by liens on the Real Property senior to the lien of <u>Winstar Financial, Inc.</u> (the "Lender") is $909,631.38

C.      The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ <u>0</u> and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      Lender has an allowed secured claim in the amount of $ <u>0</u>.

3.      Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on August 15, 2005 at OR Book 23681 at Pages 0868-871 in the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4.      (Select only one):

✓  Lender <u>ha</u>s not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and

as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of Claim as filed.

or

__     Lender filed a proof of claim in this case   (claim #)  .  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ , regardless of the original classification in the proof of claim as filed.

5.     The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.     Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

##

#

**Law Offices of Patrick L. Cordero, P.A.**
Patrick L. Cordero, Esq., FL Bar No. 801992
Attorney for Debtor(s)
198 N.W. 37th Avenue
Miami, Florida 33125
Tel: (305) 445-4855

Attorney, Patrick L. Cordero, is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt thereof.